IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DRB Group South Carolina, LLC, f/k/a Dan Ryan Builders South Carolina, LLC,<br><br>    Plaintiff,<br>v.<br><br>Stewart Title Guaranty Company,<br><br>    Defendant. | Case No. 2:25-cv-03330-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendant Stewart Title Guaranty Company's ("STGC") motion to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. (Dkt. No. 9). Plaintiff opposed the motion and Defendant replied. (Dkt. Nos. 14, 17). For the reasons set forth below, the Court grants Defendant's motion.

I.   **Background**

This suit arises from a title insurance policy ("the Policy") issued by Defendant to Plaintiff pursuant to Plaintiff's purchase and development of a tract of land in Mount Pleasant, South Carolina. Plaintiff argues that it is entitled to indemnification under the Policy where, due to an ongoing state court dispute about Plaintiff's lawful access to the property, Plaintiff has been unable to market seventeen (17) homes it constructed on the property. Plaintiff seeks a declaration from this Court that it is entitled to indemnification under the Policy for monetary loss or damage sustained by reason of "Unmarketable Title" and also brings claims of breach of contract and bad faith refusal to pay the insurance claim. (Dkt. No. 1 at 1-2).

Defendant moves to dismiss Plaintiff's case as unripe, citing the express terms of the Policy that condition Defendant's liability for loss or damage on "a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title, as insured." (Dkt. No. 9 at 1-2) (citing Dkt. No.1-2 at 4). Defendant cites pending state court litigation in which Defendant appointed counsel to represent Plaintiff against neighboring landowners who argue that Plaintiff has no right of access to the land. *Henry Bailem, IV, et al. v. County of Charleston, et al.*, Case No. 2023-CP-10-00947. Per Defendant, this Court lacks subject-matter jurisdiction to hear Plaintiff's claim where final resolution of the state court litigation is a condition precedent to Defendant's liability for loss or damages under the Policy. (Dkt. No. 9 at 8).[1]

## II. Legal Standard
### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks the statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). Where a defendant attacks subject matter jurisdiction based on the face of the complaint—as is the case here—the court should accept all uncontroverted, well-pleaded allegations as true in deciding the motion. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). However, the burden of establishing jurisdiction falls squarely upon the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, (1992); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

---

[1] The Charleston County Court of Common Pleas granted summary judgment in favor of Plaintiff in this case on July 9, 2025, finding that there was no genuine dispute of material fact that John Ballam Road—which provides access to the tract of land owned and developed by Plaintiff—is a public road. (Dkt. No. 14-1). The plaintiff landowners in the underlying case have 30 days—until August 8, 2025—to appeal the Court of Common Pleas' order. (S.C.R.C.P. Rule 203(b)(1)).

### B. Fed R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The Court finds that Plaintiff's claims against Defendant are unripe, depriving this Court of subject-matter jurisdiction to hear the case under Article III of the United States Constitution. "[I]t is settled that a case is fit for judicial decision when the issues are purely legal and when the

action in controversy is final and not dependent on future uncertainties." *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013) (internal quotations omitted). Here, the action in controversy—Plaintiff's right of access to the property, and, by extension, the marketability (or lack thereof) of its title—is not yet final in light of underlying state court litigation (which could become final as soon as August 8, 2025). Plaintiff's right to relief against Defendant, if any, is thus dependent on future uncertainties. Under the Policy's plaint terms, if Defendant "cures the claim of Unmarketable Title, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused to the Insured." (Dkt. No. 1-2 at 4). As there remains a potential for appeal of the state court judgment, Defendant has not yet had the opportunity to "fully perform[] its obligations with respect to [the] matter." Plaintiff's claim is unripe and must be dismissed.

## IV. Conclusion

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss. (Dkt. No. 9). Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

July 25, 2025
Charleston, South Carolina